**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Adelmo de Jesus Vargas Sanchez,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-03906-PHX-MTL (JFM)

**ORDER**

This case presents a Petition for Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1) Petitioner is a citizen of Ecuador who illegally entered the United States on or about October 11, 2022. (Doc. 13-1 at 4) He was detained on or about that same date and very soon thereafter released on parole. (Doc. 1 at 7) He was re-detained by the Department of Homeland Security on or about October 31, 2025. (*Id.*) An immigration judge ordered Petitioner removed to Ecuador on March 10, 2026. (Doc. 13 at 1) The order of removal became final on April 11, 2026. (*Id.* at 2) Although Petitioner appealed the immigration judge's order of removal, the Board of Immigration Appeals dismissed the appeal as untimely. (*Id.* at 1)

The Court finds that the Petition fails to present any grounds for relief. Insofar as Petitioner challenges the revocation of parole and his re-detention, those claims are moot as he is subject to a final order of removal. *See* 8 U.S.C. § 1231(a); *see also e.g.*, *De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003).

Insofar as Petitioner challenges his detention as unreasonably prolonged, he fares

no better. Under 8 U.S.C. § 1231(a)(1), the government generally has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. *Id.* § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (stating that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention"). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. *Id.* at 701. Rather, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* Once that period has passed, the alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and if he does, the government must respond with evidence sufficient to rebut that showing. *Id.*

As of the date of this Order, Petitioner has been detained slightly longer than the six-month period of presumptive reasonableness. On this record, however, Petitioner has failed to meet his burden to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" as required under *Zedvydas*.

As reported by Respondents in the October 29, 2026, Status Report (Doc. 21), Petitioner's removal by the Department of Homeland Security is currently stayed pending his petition for review to the Ninth Circuit Court of Appeals. Petitioner himself initiated those proceedings. The Fourth Circuit recently addressed circumstances like Petitioner's in *Castaneda v. Perry*, 95 F.4th 750, 757–58 (4th Cir. 2024). There, the court observed:

> Vasquez Castaneda's detention simply is not the type of "indefinite and potentially permanent" detention at issue in *Zadvydas*. Vasquez Castaneda is being detained pending the completion of withholding-only proceedings that he voluntarily initiated. Critically, withholding-only proceedings are finite. In the ordinary course, they continue only for such time as a determination can be made concerning the legality of removing the alien to the designated country. If the alien fails

> to obtain withholding-only relief, and absent any other diplomatic or logistical barriers, then the government can—and must—promptly carry out the alien's removal to the designated country.

*Id*. at 757.

Once the petition for review process is exhausted, and, if the Court of Appeals denies review and/or relief, the government will "promptly carry out [Petitioner's] removal to the designated country." *Id*.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. Insofar as the Petition asserts a claim for unconstitutionally prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is dismissed **without prejudice**. The Clerk of Court must enter a judgment of dismissal and close this case.

Dated this 29th day of October, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge